Filed: August 2, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

Inquiry Concerning a Judge
Re:  THE HONORABLE FRED AVERA,

Accused.

(CJFD No. 11-81; SC S060338)

En Banc

On review of the Commission on Judicial Fitness and Disability Stipulation to Facts and Consent to Censure.

Filed May 7, 2012.

The Honorable Patricia Sullivan, Chair, Oregon Commission on Judicial Fitness and Disability, submitted the stipulation.

PER CURIAM

The accused is censured.

PER CURIAM

This is a proceeding to inquire into the conduct of a circuit court judge. ORS 1.410 establishes the Commission on Judicial Fitness and Disability (Commission), and ORS 1.420 to ORS 1.430 set out procedures by which the Commission may investigate any complaint concerning the conduct of a judge. Those procedures permit the Commission and a judge who is the subject of a complaint to enter into a stipulation as to the facts and the appropriate sanction. ORS 1.420(1)(c); ORS 1.430(2). One permissible sanction is censure by this court. ORS 1.430(2); *see also* Or Const, Art VII (Amended), § 8(1)(e) (authorizing censure by the Supreme Court as sanction for violation of rule of judicial conduct). In this proceeding, the Commission and the accused, the Honorable Fred Avera, a judge of the Circuit Court of the State of Oregon for Polk County, have agreed to a Stipulation of Facts and Consent to Censure (stipulation), in which the accused has stipulated that he engaged in conduct that violated the Oregon Code of Judicial Conduct JR 2-101 (judge's performance of judicial duties shall take precedence over all other activities and judge shall not neglect business of court).

We set out the stipulation in pertinent part:

"The accused stipulates as follows:

"1. If a contested hearing was held in this matter, clear, cogent and convincing evidence would be presented sufficient to establish the following facts;

"2. At all material times herein, the accused was a judge on the Circuit Court in Polk County, State of Oregon.

"3. The divorce proceeding involved in this matter was filed in Polk County in February 2009. On March 23, 2010, Husband's attorney objected

to Wife's request to postpone the April 10, 2010 trial date due to the length of time between the filing date and the scheduled trial date.

"4. On April 10, 2010, the one day trial was held and the accused took the matter under advisement.

"5. On June 29, 2010, Wife's attorney wrote to the accused, as required by UTCR 2.030, to advise him that the case had been under advisement for more than 60 days.

"6. On July 19, 2010, Husband's attorney wrote to the accused, as required by UTCR 2.030, to advise him that the case had been under advisement for more than 90 days.

"7. In May 2010, another Polk County Circuit Court judge made a surprise announcement of his retirement effective July 31, 2010. A replacement judge was not appointed and no pro tem judges were made available from the retirement date of July 31, 2010 until the newly elected judge took the bench in January 2011. The accused and the county's other judge were, consequently, left to handle the county's three judge caseload. Keeping up with the day to day court schedule became difficult, even though the accused worked evenings and, at times, on weekends.

"8. On November 8, 2010, Wife's attorney wrote to the accused about the status of issuance of his decision.

"9. In January 2011, the newly elected judge took the bench in Polk County. Because the newly elected judge's former employment required him to conflict off nearly all criminal and juvenile cases, several months passed before his presence made a significant dent in the accused's workload.

"10. On February 7, 2011, after pointing out that the case had been under advisement since April 2010, Wife's attorney submitted a proposed judgment of dissolution of marriage.

"11. On February 14, 2011, after pointing out that the court had not yet issued its ruling, Husband's attorney objected to the proposed judgment of dissolution of marriage submitted by Wife's attorney.

"12. On April 15, 2011, Husband's attorney submitted a proposed general judgment of dissolution of marriage to the accused.

"13. On May 6, 2011, Wife's attorney wrote to the accused to respond to Husband's letter dated April 15, 2011.

"14. On May 16, 2011, Wife's attorney wrote to the accused to point out that 407 days had elapsed since the trial and no ruling had issued from him.

"15. On August 23, 2011, the accused issued his decision in the divorce case along with apologies to the attorneys and the parties for the inconvenience and stress caused by the delay.

"The accused agrees that the above conduct violates JR 2-101. The accused and the Commission agree that censure is the appropriate sanction."

Pursuant to ORS 1.430(2), the court has reviewed the stipulation of facts and the disciplinary action to which the accused has consented. The court approves the consent to censure.

The accused is censured.